[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 11098
The plaintiff has filed a three-count complaint. The first count alleges medical malpractice, the second count loss of consortium, and the third count a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant has filed a motion to strike against the third (CUTPA) count.
The standards to be applied on a motion to strike are well known. The pleading of the nonmoving party must be given that reading which is most favorable when subject to attack. Amodio v. Cunningham, 182 Conn. 80, 82
(1980).
Counsel for the defendant has ably and succinctly set forth the law to the effect that medical malpractice claims cannot be merely recast as CUTPA claims — otherwise, every such claim would be a CUTPA claim.Rumbin v. Baez, 52 Conn. App. 487 (1999); Haynes v. Yale-New HavenHospital, 243 Conn. 17 (1997). Only the entrepreneurial or commercial aspects of the medical profession are subject to CUTPA scrutiny. InRumbin, as the defendant points out, a CUTPA action was brought against a psychologist wherein the plaintiff alleged the defendant was not qualified or competent to perform certain tests but falsely represented that he was solely for pecuniary gain. The trial court struck the CUTPA count stating the CUTPA allegation was based on lack of competence and not the business aspect of his provision of services. The Appellate Court agreed with the trial court and held that the mere fact that the defendant might not be competent to perform does not raise a CUTPA problem.
Or to approach the present position of our appellate courts from another perspective, Haynes cited with approval, 243 Conn. at 36-37, the Michigan case of Nelson v. Ho, 564 N.W.2d 482 (1997). Nelson gave as a reason for confining unfair practice claims against doctors to the business aspects of their practice the fact that a contrary result would mean that "the legislative enactments and well-developed body of law concerning medical practice could become obsolete.
In other words, if the allegations as set forth in a CUTPA count assumes, as even part of its burden, proof of the doctor's incompetence as a doctor, a CUTPA claim will not lie.
From that perspective, let us examine the third count which sets forth the CUTPA claim. The third count incorporates by reference paragraphs 1 through 7 of the first count. Paragraphs 1 through 3 simply set forth the plaintiffs residence, that he was a patient of the defendant and that the defendant is a licensed physician. But paragraph 4 lays out in detail CT Page 11099 various ways in which it is alleged the defendant "deviated from the appropriate standard of care." He failed to treat the plaintiff with less invasive methods than surgery such as medication which would have achieved better results with less risk; he failed to properly perform laser surgery leaving the plaintiff in worse condition; he did not advise of the risks of surgery and if he had done so the plaintiff would not have gone forward with it; he failed to administer the proper amount of anesthesia resulting in great pain during the surgical procedure. Paragraph 5 is "gone missing" to borrow an English turn of phrase, but paragraphs 6 and 7 list certain consequences "as a further result of Defendant Barri's negligence." The third count in paragraph 8 states the doctor made representations that the surgery would improve the plaintiffs eyesight and did not tell him of the risks of surgery. Paragraph 9 alleges the plaintiff relied on the defendant's representations in agreeing to the surgery.
Paragraph 10 really underlines the question before the court. That paragraph states:
 10. Defendant Barri failed to advise Plaintiff Silvio Mazzella of alternatives to surgery and in fact pushed the surgery on Mr. Mazzella as his "only real option" to improve his eve sight which representation was untrue and was made only to induce Mr. Mazzella to agree to the surgery which is highly more rewarding monetarily to the Defendant than a normal medication course. (Emphasis added by the court.)
The way in which the plaintiff has set up his factual allegations require him to prove as "untrue" the doctor's advice that surgery was his "only real option." But that would involve expert medical testimony regarding the standard of care and the reasonableness of advice given that standard. In such circumstances, a CUTPA claim is something not permitted under Rumbin and Haynes.
The court tried to posit a situation where there were two methods of treatment available, one was more invasive or perhaps just more expensive, both were within the standard of care, but the doctorrecommended the more invasive or the more expensive treatment or the treatment that was both more expensive and invasive only because one treatment method would be more profitable than the other. Not only can that not be fairly extracted from the present allegations but it would still not set forth a viable CUTPA claim because proof would still be necessary as to the medically comparative appropriateness of the two recommendations. Haynes has far reaching effect, it really did confine CUTPA claims against the professions to their purely business aspects and CT Page 11100 that is so because of the analytical underpinning of Haynes as set forth in its reliance on the reasoning of the Michigan case of Nelson v. Ho, supra.
The motion to strike is granted.
Corradino, J.